Filed 3/24/16  P. v. Hanloh CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>BLAIR CHRISTOPHER HANLOH,<br><br>    Defendant and Appellant. | G052517<br><br>(Super. Ct. No. 10CF1450)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, David A. Hoffer, Judge.  Affirmed.

Blair Christopher Hanloh, in pro. per.; and Reed Webb, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

\*          \*          \*

Defendant Blair Christopher Hanloh was convicted of filing false documents, in violation of Penal Code section 115, subdivision (a). In a previous opinion, this court affirmed defendant's conviction, but remanded the case for resentencing. The trial court resentenced defendant, and defendant again appealed.

We appointed counsel to represent defendant on appeal. Appointed counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) and *Anders v. California* (1967) 386 U.S. 738 (*Anders*), setting forth the facts of the case, raising no issues, and requesting that we independently review the entire record. We provided defendant 30 days to file written argument on his own behalf; he did so.

We have examined the entire record, appointed appellate counsel's *Wende/Anders* brief, and defendant's supplemental brief; we find no reasonably arguable issue. (*Wende*, *supra*, 25 Cal.3d 436.) We therefore affirm.


BACKGROUND

Defendant was convicted of five counts of recording a false instrument, in violation of Penal Code section 115, subdivision (a). Defendant had admitted he signed and recorded quitclaim deeds on five pieces of real property that he was seeking to adversely possess, but in which he actually had no ownership interest. Defendant appealed from his convictions, claiming lack of substantial evidence to support the judgment. In a prior unpublished opinion, we concluded there was more than enough evidence to support the judgment, and therefore affirmed. (*People v. Hanloh* (May 13, 2015, G049417).)

The People had also filed an appeal in that case, arguing the sentencing order, which permitted defendant to serve his sentence in local custody, was improper. We agreed, and remanded the case for resentencing. (*People v. Hanloh*, *supra*, G049417.)

2

On remand, the trial court imposed the same sentence, but the sentence was to be served in state prison instead of in local custody, and recalculated defendant's actual custody credits and good conduct credits. Defendant filed another notice of appeal.

ANALYSIS OF POTENTIAL ISSUES

Defendant, in his supplemental brief, argues that his convictions must be reversed because the trial court lacked subject matter jurisdiction. The issue of subject matter jurisdiction was not raised in defendant's first appeal. Because lack of subject matter jurisdiction may be challenged in a collateral proceeding, such as a petition for a writ of habeas corpus (4 Witkin & Epstein, Cal. Criminal Law (4th ed. 2012) Jurisdiction and Venue, § 1, p. 111), we will address defendant's arguments here.

The criminal court's subject matter jurisdiction is predicated on the offense. (*People v. Vasilyan* (2009) 174 Cal.App.4th 443, 449.) If there is no crime, the court lacks subject matter jurisdiction. There must be a substantive crime and a punishment for that crime to constitute a criminal offense. (*Id.* at pp. 449-450 [the court lacked subject matter jurisdiction to sentence for a crime that did not exist and a plea admitting such a crime was a "'legal nullity'"].)

Here, the Legislature defined the act of offering a false or forged instrument for filing as a crime, and set the punishment therefor. The Orange County Superior Court, which had personal jurisdiction over defendant, applied Penal Code section 115 against defendant, who committed the acts while within the State of California. Therefore, defendant was properly subject to the court's jurisdiction.

Defendant requests that we take judicial notice that there was no damaged or injured party as to the violations of Penal Code section 115, and that defendant reserved his rights under Uniform Commercial Code section 1-308. Defendant fails to provide us with the evidence from which we might take judicial notice. To the contrary,

3

as to the lack of an injured party (assuming that were a necessary allegation in a criminal complaint or information), the record on this appeal establishes First Horizon Home Loans sought restitution as a party injured by defendant's criminal violations.[1] California Uniform Commercial Code section 1308 merely permits contract performance when there is a pending dispute; it does not purport to, much less does it, prevent criminal prosecution.

Our review of the record pursuant to *Wende*, *supra*, 25 Cal.3d 436, and *Anders*, *supra*, 386 U.S. 738, including the possible issues suggested by defendant, has disclosed no reasonably arguable appellate issue. Competent counsel has represented defendant in this appeal.

DISPOSITION

The judgment is affirmed.

FYBEL, J.

WE CONCUR:

BEDSWORTH, ACTING P. J.

MOORE, J.

---

[1] It is not necessary that a victim request restitution to establish there was a victim of a defendant's crime, but the restitution request disproves defendant's claim that there was no victim.

4